RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

HENRY C. DARMSTADTER
RYAN S. WATSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6481 / 202-514-5173 (v)
202-307-0054 (f)
henry.c.darmstadter@usdoj.gov
ryan.watson@usdoj.gov

NICOLA T. HANNA
United States Attorney
Central District of California
*Of Counsel*

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WATERWORKS AQUATICS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW BROWN; UNITED STATES OF AMERICA; INTERNAL REVENUE SERVICE, et al.<br><br>Defendants. | Case No. 8:19-cv-01318-JLS-ADS<br><br>Stipulated Protective Order |

Discovery in this action may involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation maybe warranted. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extend only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Paragraph No. 17, below, this Protective Order does not entitle the parties to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties, having agreed that good cause exists to protect the confidential nature of certain information that may be contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony, agree to the following Protective Order:

1. This Protective Order shall apply to any agents, attorneys, experts consultants, employees, parent companies, subsidiaries, officers, directors and employees of the parties, including but not limited to employees of the attorneys' firms and personnel of an office, board, division, or bureau of the Department of Justice ("Department"), clerical personnel and supervisory personnel of the Department, officers and employees of the Internal Revenue Service, and officers and employees of another federal agency working under the direction and control of the Department of Justice.

2. The restrictions and limitations contained in this Protective Order shall apply to documents (including all copies, excerpts and summaries thereof) produced, and deposition testimony provided by any party to this stipulated protective order as well as in response to the third party subpoenas served or to be served on the Third Party, and their current and past employees, in connection with the above referenced suit, (collectively "Discovery Material").

3. A party may designate material as confidential only when the material falls within the protections of Rule 26(c) of the Federal Rules of Civil Procedure. Unless otherwise stated in this Protective Order, a declaration setting forth the party's good faith basis for designating the information as confidential must be sent to all of the parties prior to, or contemporaneously with, the production or disclosure of that information. Any dispute regarding the confidential nature of particular material shall not serve as the basis for refusing to produce that particular material. Plaintiffs have designated as confidential pursuant to this Protective Order: (a.) the financial terms of the settlement of Orange County Superior Court case number 30-2017-00934038-CU-MC-CJC, entitled *Andrew Brown v. Waterworks Aquatics, et. al.* entered into on or about April 16, 2019, (b.) the amounts of Plaintiffs' revenues, (c.) the amounts of Plaintiffs' profits, (d.) Plaintiffs' profit margins, (e.) the amounts of distributions by Plaintiffs to their shareholders and members, (f.) the amounts of balances and/or payments on any of Plaintiffs' loans, (g.) the amounts of compensation paid and to be paid to any of Plaintiffs' executives and employees, (h.) the number of customers Plaintiffs' have, (i.) the number of families Plaintiffs have as

customers, (j.) the number of swim lessons given by Plaintiffs, and (k.) the value / valuation of Plaintiffs and the ownership interests therein.

4. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated *as confidential under this Order, or any portion th*ereof, must be immediately affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Waterworks Aquatics, et al. v. Andrew Brown, et al.*, Case No. 8:19-cv-01318-JLS-ADS."

5. Electronically Stored Information ("ESI") may be designated as confidential. The physically produced storage device containing confidential ESI must be immediately affixed with the words: "CONFIDENTIAL: Subject to Protective Order *Waterworks Aquatics, et al. v. Andrew Brown, et al.*, Case No. 8:19-cv-01318-JLS-ADS."

6. If a document marked confidential is introduced during a deposition, the portion of the deposition regarding the confidential document may be designated confidential, if such designation is made on the record at the time of the deposition or, if the party claiming confidentiality is not present at the deposition, by written notice within twenty days after receipt of the deposition transcript. The portions of the transcript designated as confidential shall be affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Waterworks Aquatics, et al. v. Andrew Brown, et al.*, Case No. 8:19-cv-01318-JLS-ADS."

7. Except as otherwise provided in this Protective Order, information or documents designated as confidential by a party under this Protective Order

4

shall not be used or disclosed by the remaining parties or their counsel or any persons identified in Protective Order for any purposes whatsoever other than preparing for and conducting the litigation in this lawsuit (including any appeals).

8. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (i) Disclosure may be made to employees of counsel for the parties, or to employees of the parties to properly accomplish any purpose or activity described in 26 U.S.C. §§ 6103(h) or (k) and the regulations thereunder, which is appropriate in handling this case. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

    (ii) Disclosures may be made to the Court and its employees.

    (iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of processing, storing, transmitting, or reproducing the documents or information designated as confidential in this case.

    (iv) Disclosure may be made to the following persons who shall be informed of this Protective Order:

(a) any independent outside experts or consultants retained by the parties or their counsel for purposes of this litigation;

(b) employees and subcontractors of the independent outside experts or consultants retained by the parties or by their counsel for purposes of this litigation in paraprofessional, clerical, stenographic and ministerial positions;

(v) Disclosures may be made to any fact witnesses or potential fact witnesses when a good faith determination is made that the documents would be relevant to their testimony or potential testimony. Such witnesses shall be informed of this Protective Order, that it applies to them, and be given a copy of the Order if requested.

9. Except as provided otherwise in this Protective Order, counsel for the parties shall keep all documents designated as confidential which are received under this Protective Order secure within their exclusive possession and must place such documents in a secure area.

10. No information or material designated as confidential shall be disclosed to any person described in subparagraph (iv) of paragraph 8 above until such time as such persons execute a copy of the Confidentiality Agreement in the form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order. The parties shall retain all copies of the Confidentiality Agreements executed by such persons until this action is resolved, at which time,

upon request, the parties or their attorneys will exchange all the Confidentiality Agreements executed in this action.

11.     Nothing in this Protective Order limits the right of any party to seek any protection it deems necessary for any documents or information, in accordance with Rule 26 of the Federal Rules of Civil Procedure/Rules of the United States Court of Federal Claims.  In accordance with Paragraph 17, below, any interested party may seek orders from the Court requiring certain documents to be filed under seal or certain information in certain documents to be redacted from any publicly available filing.

12.     Any party may serve a written objection to any designation of confidentiality made by the designating party.  This notice shall specifically identify the material or information to which the objecting party wishes to have the designation removed. Within fourteen (14) days of receipt of such objection, the designating party (I) shall review the material to which the objection applies, (ii) notify the objecting party in writing whether the designating party will agree to remove the designation as requested, and (iii) if it will not agree to remove the designation, the designating party will state with specificity its reasons for not agreeing. If an agreement cannot be reached, the designating party may move for a ruling from the Court, designating the material as confidential or for other similar protection, within fourteen (14) days of the expiration of the fourteen (14) day period referenced above. The material at issue will be treated as confidential until the Court decides the motion. If the parties disagree about whether the information is confidential and the designating party does not timely move the Court, then the document is deemed to be not confidential.

13. Nothing in this Protective Order shall prevent disclosure of any confidential information if the designating party consents in writing to the disclosure.

14. Notwithstanding any provision of this Protective Order, where counsel believe confidential information or documents, either on its face or in conjunction with other information, indicates a violation or potential violation of law—criminal, civil, or regulatory in nature—the relevant information or documents may be disclosed to the appropriate federal, state, local, foreign, or tribal, law enforcement authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.

15. Notwithstanding any provision of this Protective Order, the parties may disclose confidential information or documents if necessary to comply with a subpoena or court order, whether or not originating with the Court in this captioned Protective Order. Within seven days of when it is recognized that disclosure of confidential information or documents is required to comply with a subpoena or court order, the party shall give prompt written notice to the designating party of the impending disclosure, unless otherwise prohibited by law.

16. At the conclusion of this litigation (including any appeals) all material designated confidential shall either be destroyed or returned to the designating party, within sixty (60) days after the conclusion of the litigation, except with respect to (a) material that becomes part of the Court record in this matter, (b) work product of counsel, (c) transcripts, exhibits, and other documents required to be maintained by the Department's written record retention policy as

necessary for an understanding of the outcome of the case, provided that all material designated confidential in such retained material is maintained in accordance with the provisions hereof.

17. Nothing in this Protective Order shall be grounds for limiting or restricting the use of materials filed with the court or during a public hearing or trial. The parties recognize that documents filed with the Court require a higher showing. Any party that seeks to have any material filed under seal must obtain a Court order and must comply with Local Civil Rule 79-5. The parties agree that only material that meets the requirements of Rule 26(c) of the Federal Rules of Civil Procedure shall be entitled to be filed under seal. The parties agree to meet and confer no later than thirty (30) days prior to the deadline for filing summary judgment motions regarding what if (any materials) the producing party intends to argue should be filed under seal. If a party's request to file material under seal is denied by the Court, then the material may be filed unsealed.

18. Information may lose its sensitivity over time, such that it is not necessary for the court to retain material under seal forever. Therefore, on or before thirty (30) days after the conclusion of the action before this court, the parties shall review previously protected information filed with the court, confer with each other, and propose to the court in a joint written motion what information needs continued protection, and for what period of time.

19. This Protective Order may be modified or amended only by an order of this Court or by written agreement between the Parties.
**The parties so stipulate.**

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED:  December 9, 2019  /s/ Autumn D. Spaeth
Autumn D. Spaeth
United States Magistrate Judge

Respectfully submitted,

Dated: December 6, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ Ryan S. Watson
HENRY C. DARMSTADTER RYAN S. WATSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6481 / 202-514-5173 (v)
202-307-0054 (f)
henry.c.darmstadter@usdoj.gov
ryan.watson@usdoj.gov

NICOLA T. HANNA
United States Attorney
*Of Counsel*

*Attorneys for the United States of America*

Dated: December 6, 2019        /s/ *Howard M. Bidna*
                               HOWARD M. BIDNA
                               Bidna and Keys APLC
                               5120 Campus Drive
                               Newport Beach, CA 92660
                               949-752-7030
                               Fax: 949-752-8770
                               Email: hbidna@bidnakeys.com

Dated: December 6, 2019        /s/ *Steven R. Mather*
                               STEVEN R. MATHER
                               smather@mttaxlawyers.com
                               LYDIA B. TURANCHIK
                               lturanchik@mttaxlawyers.com
                               1801 Century Park East, Suite 1460
                               Los Angeles, CA 90067
                               Tel: No. 310.278.6088
                               FAX 310.278.4805